UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEODETIC SERVICES, INC.,
a Florida Corporation,

Plaintiff,

Case No.: 8:13-cv-1595-T-35TBM

v.

ZHENGHZOU SUNWARD
TECHNOLOGY CO., LTD
a Chinese limited company,

Defendant.
_____/

### PLAINTIFF'S MOTION FOR ENTRY OF A FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the Clerk's Entry of Default [Dkt. 10] and Fed. R. Civ. P. 55(b)(2), Plaintiff, Geodetic Services, Inc. ("GSI"), moves the Court to enter a final judgment against Defendant, Zhenghzou Sunward Technology Co. Ltd. ("Defendant"). Plaintiff also requests a permanent injunction be entered against Defendant.

I.  **MEMORANDUM OF LAW**

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," default judgment may be entered. "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation and citation omitted).

In the present case, Defendant has failed to appear and a default was entered on July 22, 2013. By virtue of its default, Defendant is deemed to have admitted the allegations from the Complaint that GSI is the owner of the Proprietary Works and the Copyrighted Software that Defendant has willfully misappropriated and infringed, that GSI is entitled to a permanent injunction restraining Defendant from any further activities, and that GSI is entitled to monetary damages for Defendant's misappropriation and infringement.

Having admitted to liability for the causes of action set forth in the Complaint, the Court must now determine the amount of monetary damages and appropriateness of injunctive relief to which GSI is entitled. Pursuant to 17 U.S.C. § 504, a copyright infringer is liable for actual damages suffered by the copyright owner <u>and</u> any profits of the infringer that are attributable to the infringement. These damages are available to copyright holders to further two distinct purposes. "Damages are awarded to compensate the copyright owner for his losses from the infringement, and profits are awarded to prevent the infringer from unfairly benefiting from a wrongful act." Patry on Copyright § 22:98, citing H.R. Rep. No. 1476, 94th Cong., 2d Sess. 161 (1976); S. Rep. No. 473, 94th Cong., 1st Sess. 143 to 144 (1975). Both categories of damages are necessary to prevent wholesale theft of protected works.

To establish an infringer's profits attributable, the plaintiff must present proof of the infringer's gross revenues. 17 U.S.C. § 504(b). This creates a rebuttable presumption that all of the defendant's revenues are attributable to the infringement. *See e.g. Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147, 1173 (1st Cir. 1994). The infringer must then prove its deductible expenses and elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). Where a defendant fails to make any such proof, all

revenues are deemed attributable to the infringement. *Nelson-Salabes, Inc. v. Morningside Development*, 284 F.3d 505, 512 n. 9 (4th Cir. 2002)

Additionally, GSI is entitled to damages for Defendant's misappropriation of its trade secrets. These damages include GSI's actual damages as well as the unjust enrichment caused by misappropriation. F.S.A. §688.004(1). Lastly, pursuant to Florida Statute Section 688.005, if misappropriation is willful and malicious, the Court may award attorneys' fees to the prevailing party.

In assessing the damages, the Court can rely on detailed affidavits to determine the appropriate sum. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). Additionally, if the damage amount is capable of mathematical calculation or demonstrated by affidavits, the Court may award damages without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004).

## II.  MONETARY DAMAGES

The defaulted Defendant has developed systems and products that are based and copied from GSI's Proprietary Works and the Copyrighted Software and Defendant is now using GSI's trade secrets, learned during the course of its relationship with GSI, to engage in business that directly competes with GSI. Defendant is currently selling products using GSI's Proprietary Works and the Copyrighted Software. Specifically, GSI is aware of at least two sales made by Defendant of an infringing product. [Exhibit A, Affidavit of John Brown at ¶12]. Defendant sold one infringing product for $500,000.00, and another infringing product for $50,000.00. [Ex. A at ¶12]. A customer's sole reason for purchasing Defendant's products would be to use GSI's Proprietary Works and the Copyrighted Software that is contained within Defendant's products. [Ex. A at ¶13].

Additionally, as a direct result of Defendant's misappropriation and infringement, GSI has lost at least two known sales for a total amount of $610,699.00. [Ex. A at ¶14]. GSI's lost profits for these sales are at least $305,349.50. [Ex. A at ¶15]. GSI has been damaged by Defendant's infringement and misappropriation.

GSI has retained the law firm of GrayRobinson, P.A. to enforce its rights in this action and has obligated itself to pay said attorneys reasonable attorneys' fees and costs. [Ex. A at ¶17]. Specifically, as of October 1, 2013, GSI has paid (or is obligated to pay) $15,142.17 in attorneys' fees and costs. [Ex. A at ¶18].

Consequently, GSI has been damaged in the total amount of $870,491.67, which includes $550,000.00 in Defendant's infringing product sales, $305,349.50 in GSI's lost profits, and $15,142.17 in incurred attorneys' fees and costs.

### III.  PERMANENT INJUNCTION

Pursuant to Florida Statute Section 688.003 and 17 U.S.C. §502, the Court is empowered to enter an injunction to prevent actual or threatened misappropriation and to prevent or restrain infringement of a copyright. Here, the defaulted Defendant has admitted to misappropriating GSI's trade secrets and Proprietary Works and to infringing the Copyrighted Software. By virtue of Defendant's lack of participation in the lawsuit, there is a strong suggestion that Defendant will not stop and will continue to irreparably harm GSI unless it is enjoined from doing so.

### IV.  CONCLUSION

In the present case, Defendant has failed to appear. By virtue of its default, Defendant is deemed to have admitted the allegations from the Complaint that GSI is the owner of the Proprietary Works and the Copyrighted Software that Defendant has misappropriated and infringed, that GSI is entitled to a permanent injunction restraining Defendant from any further

activities, and that GSI is entitled to monetary damages. Consequently, GSI requests that the Court enter a permanent injunction and final judgment against Defendant. A proposed permanent injunction and final judgment is attached hereto as Exhibit B.

### L.R. 3.01(g) Certification

Defendant is currently unrepresented and thus Plaintiff is unable to confer concerning the requested relief.

Date: October 8, 2013

        Respectfully submitted,

        */s/ Woodrow H. Pollack*
        Woodrow H. Pollack, Esquire
        Florida Bar No.: 26802
        woodrow.pollack@gray-robinson.com
        Kristin Shusko, Esquire
        Florida Bar No.: 85400
        kristin.shusko@gray-robinson.com
        Gray Robinson, P.A.
        401 E. Jackson Street, Suite 2700
        Tampa, FL 33602
        (813) 273-5000
        (813) 273-5145 (facsimile)

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY, that on October 8, 2013 a true and correct copy of the foregoing was filed via cm/ecf to all counsel of record. I further certify that a true and correct copy of the foregoing will be served upon each party no later than fourteen (14) days after the appearance of the party.

<u>/s/ Woodrow H. Pollack</u><br>Woodrow H. Pollack, Esquire

\316011\3 - # 957037 v1